UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CADENCE BANK,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-3040 |
| | § | |
| **BURNS, BURNS & BURNS LLC and** | § | |
| **GERCORY CRAWFORD,** | § | |
| | § | |
| *Defendant*. | | |

## MEMORANDUM & ORDER

In this breach of contract action, Plaintiff Cadence Bank requests that the Court find Defendants Burns, Burns & Burns LLC and Gercory Crawford liable for breach of a Note and Guaranty in the principal amount of $500,000.

Before the Court is Plaintiff Cadence Bank's Renewed Motion for Summary Judgment. ECF No. 21. For the reasons that follow, the Court finds that Plaintiff's Motion for Summary Judgment should be granted.

### I. BACKGROUND

On March 30, 2022, Defendant Burns, Burns & Burns LLC ("Burns"), by Gercory Crawford ("Crawford"), its Chief Executive Manager, executed a certain valid and enforceable Note (the "Note") payable to the order of Cadence Bank in the principal amount of $500,000.00. ECF No. 16-1; 16-2. Pursuant to the Note, Cadence Bank agreed to make a loan (the "Loan") to Burns in the principal amount of $500,000.00. *Id.* Cadence Bank performed under the Note and other Loan Documents by funding the Loan. ECF No. 16-1.

In the Note, Burns agreed to repay the loan in consecutive monthly payments. ECF No. 16-2 at 2-3. Burns agreed that the failure to make payment or otherwise comply with the Note would constitute a breach of the Note and that if it missed a regularly scheduled payment, it would owe an additional late fee of up to 5% of the unpaid portion of the regularly scheduled payment. *Id. at* 2-3. Burns further agreed that, in the event of a default, "Lender may…[i]ncur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral" and that "[a]mong other things, the expenses may include…reasonable attorney's fees and costs." *Id.* at 4.

Also on March 30, 2022, Crawford executed and delivered a Guaranty Agreement (the "Guaranty") to Cadence Bank pursuant to which Crawford unconditionally guaranteed payment of all amounts owing under the Note. ECF No. 16-1; ECF No. 16-3. In addition to repaying all amounts due and owing under the Note upon demand, Crawford agreed "to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and court costs." ECF No. 16-3 at 5.

Also on March 30, 2022, Burns executed a Security Agreement (the "Security Agreement" and together with the Note, the Guaranty, and the UCC-1s, collectively, the "Loan Documents") pledging all of its equipment, machinery, furniture, fixtures, inventory, raw materials, work-in-process, supplies, accounts, accounts receivable, contract rights, instruments, documents, chattel paper and general intangibles (each term, as defined in the Uniform Commercial Code) as collateral to secure the full and punctual payment of all indebtedness, and the due performance of all obligations of Burns under the Note. ECF No. 16-1; ECF No. 16-4.

The Security Agreement was properly perfected upon the filing of (a) a certain UCC-1 with the Texas Secretary of State, Document Number 22-0016177016 (ECF No. 16-5); and (b) a

certain UCC-1 as a fixture filing with the Harris County Clerk's Office, Document Number RP-2022-198422 (ECF No. 16-6) (collectively, the "UCC-1s").

As of August 2023, Burns breached the Note by failing to make payments as and when due under the Note. ECF No. 16-1. On January 22, 2024, Cadence Bank sent Defendants a Notice of Default and Intent to Accelerate and Reservation of Rights notifying each Defendant of Burns' default under the Note and demanding that each Defendant cure the defaults. ECF No. 16-7; ECF No. 16-8. Defendants failed to cure the defaults. ECF No. 16-1. On February 2, 2024, Cadence Bank sent Defendants a Notice of Acceleration notifying each Defendant, due to their failure to cure the defaults, that all amounts owing under the Note were accelerated and due and owing, and demanding repayment from each Defendant. ECF No. 16-9; ECF No. 16-7. Defendants failed to pay the amounts due and owing within 30 days thereafter. ECF No. 16-1.

On August 14, 2024, Plaintiff Cadence Bank filed suit in this Court. ECF No. 1. Cadence Bank has now moved for summary judgment, arguing that the Defendants breached the Note and Guaranty and are liable for all amounts due and owing under the Note. ECF No. 21. Defendants Burns and Crawford did not file a response.

## II.     LEGAL STANDARD

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the

nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

A "motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014).

## III. ANALYSIS
### a. Breach of Note

Cadence Bank asserts a breach of contract claim against Burns for breach of the Note. Under Texas law, the essential elements for a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result of the breach. *AKIB Constr. Inc. v. Shipwash*, 582 S.W.3d 791, 806 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (collecting cases).

First, the Note is a valid contract, as established by Pyatt's Declaration and the Note itself. ECF No. 16-1; ECF No. 16-2. Second, Cadence Bank performed under the contract by loaning

4

Burns $500,000. ECF No. 16-2. Third, as of August 2023, Burns breached the Note by failing to make payments. ECF No. 16-1. After Burns defaulted, Cadence Bank sent Burns a Notice of Acceleration notifying Defendant that all amounts owing under the Note were accelerated and due and owing. ECF No. 16-8; ECF No. 16-9. Fourth, Cadence Bank sustained damages from the breach of the Note, including the amounts due and owing under the Note and attorneys fees incurred in enforcing the Note. ECF No. 16-1.

Accordingly, the Court finds that Cadence Bank is entitled to summary judgment on its breach of Note claim against Burns.

### b. Breach of Guaranty

Cadence Bank also asserts a breach of contract claim against Crawford for breach of the Guaranty. Under Texas law, "[t]o recover on a breach of guaranty claim, the plaintiff must prove (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Harrison Co., L.L.C. v. A-Z Wholesalers, Inc.*, 44 F.4th 342, 346–47 (5th Cir. 2022) (cleaned up).

First, the Guaranty is a valid and enforceable guaranty contract by Crawford for the benefit of Cadence Bank, as established by Pyatt's Declaration and the Guaranty itself. ECF No. 16-1; ECF No. 16-3. Second, the terms of the underlying contract are the terms of the Note described above. ECF No. 16-2. Third, as described above, Burns defaulted on the Note by failing to make payments as and when due, and Cadence Bank accelerated all amounts outstanding under the Note. Cadence Bank provided notice to Crawford of the default and made demand upon him to cure those defaults under the Guaranty. ECF No. 16-9. Fourth, Crawford failed to perform under the Guaranty by repaying all amounts due and owing under the Note upon demand. ECF No. 16-1.

5

Accordingly, the Court finds that Cadence Bank is entitled to summary judgment on its breach of Guaranty claim against Crawford.

### c. Damages

Cadence Bank has calculated the amount of liquidated damages due and owing from Burns under the Note and Gercory Crawford under the Guaranty as follows:

a) $474,804.05 as principal due and owing under the Note; plus
b) $98,729.33 as accrued interest and owing under the Note; plus
c) $6,437.41 as late charges accrued and owing under the Note; plus
d) $5,229.88 in force-placed hazard insurance applied under the Loan Documents.

ECF No. 21. Given that Defendants did not respond to the Motion for Summary Judgment, the amount of damages incurred by Cadence Bank is undisputed. Accordingly, the Court finds that Cadence Bank is entitled to damages in the amounts delineated above.

Finally, Cadence Bank has presented undisputed evidence that it is entitled to attorneys' fees, interest, and costs pursuant to the terms of the Note and Guaranty and pursuant to Texas Civil Practice and Remedies Code § 38.001(b)(8). Section 38.001 authorizes an award of attorneys' fees "in addition to the amount of a valid claim" in a breach of contract case. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8); *DP Solutions, Inc. v. Rollins, Inc.,* 353 F.3d 421, 436 (5th Cir. 2003) ("An award of attorneys' fees is mandatory for a party prevailing in a breach of contract case."). Cadence Bank has presented evidence in the form of affidavits from Joshua Lesser, one of the attorneys of record on the case, and contemporaneous billing records that it incurred $40,486.34 in attorneys' fees and $1,327.20 in court costs in connection with enforcing the Note and Guaranty. ECF No. 16-7; ECF No. 21-5. The Court finds that Cadence Bank is entitled to recoup from Defendants its attorneys' fees and costs in enforcing the Note and Guaranty, and the Court finds that the amount of attorneys' fees pled is reasonable under the lodestar calculation method.

Accordingly, the Court awards Cadence Bank fees and costs in the amount of $40,486.34 in reasonable and necessary attorneys' fees and $1,327.20 in court costs.

## IV. CONCLUSION

Plaintiff Cadence Bank's Renewed Motion for Summary Judgment (ECF No. 21) is **GRANTED**. The Court will enter final judgment as to damages.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of June, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE